UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENSHOT, LLC,

      Plaintiff,

v.                                                Case No. 18-C-1716

LUCKY SHOT USA LLC and
2 MONKEY TRADING LLC,

      Defendants.

**ORDER DENYING PLAINTIFF'S CIVIL L. R. 7(h) MOTION TO COMPEL**

Plaintiff BenShot, LLC filed the present motion (Dkt. No. 29) to compel discovery from Defendants. Plaintiff states that Defendants have failed to produce documents and information pursuant to the document requests identified in Plaintiff's motion.

A party may request a court order compelling discovery if the opposing party has failed to produce documents or made evasive or incomplete disclosures—after the moving party makes a good faith effort to meet and confer with the opposing party for the discovery it seeks. Fed. R. Civ. P. 37; *see also* Civil L.R. 37 (E.D. Wis.).

Defendants assert that Plaintiff did not make an attempt to meet and confer about the present motion prior to its filing. Dkt. No. 34. A Rule 7(h) motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. While Plaintiff did include a "LR 37.1 Statement" that references a telephone conference with Defendants' counsel that occurred on September 30, 2019 (Dkt. No. 30). Plaintiff also cites a

subsequent email sent October 9, 2019, two days before the present motion was filed, which begins: "I trust getting all the discovery together is coming along smoothly." Dkt. No. 31-8 at 60. If Plaintiff's counsel felt able to convey his impression that discovery was going "smoothly" two days before filing the present motion, Defendants may have reasonably shared a similar impression at that time.

The purpose of the required certification is to make certain that counsel have properly conferred, leaving no question that failure to comply will result in a motion before the court. It does not appear that was the posture of counsels' communications, raising the question as to why a such a meet and confer was not held after the October 9th communication, and prior to the present motion. Such an effort may have made the court's involvement unnecessary. Therefore, Plaintiff's motion to compel discovery (Dkt. No. 29) is denied. The parties are directed to make a good faith attempt to meet and confer prior to renewing a motion to compel discovery. Should a motion to compel remain necessary, plaintiff may e-file a motion containing the proper certification and in full compliance with Gen. L.R. 5 and Civil L.R. 37 in both formatting and substance.

**SO ORDERED** this  24th  day of October, 2019.

s/ James R. Sickel
James R. Sickel, Magistrate Judge
United States District Court
