UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENSHOT, LLC,

        Plaintiff,

        v.                                    Case No. 18-C-1716

LUCKY SHOT USA LLC, and
2 MONKEY TRADING LLC,

        Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff BenShot, LLC (BenShot) filed a motion for leave to file an amended complaint in this action (alleging violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition common law) pursuant to Federal Rule of Civil Procedure 15(a)(2). BenShot seeks to add another party to its lawsuit, Douglas Ingalls, the owner and President of Defendant 2 Monkey Trading LLC and Lucky Shot USA LLC (collectively, the Defendants). For the following reasons, the motion will be granted.

### BACKGROUND

BenShot filed its complaint in this action on October 29, 2018. The parties are competitors who sell drinking glasses decorated with bullets. In 2015, BenShot began selling drinking glasses with bullets embedded in the side; it initially sold shot and tumbler glasses, and then later added pint and wine glasses. In 2016 and 2017, Lucky Shot USA began advertising and selling shot, pint, and wine glasses with bullets embedded in the side. 2 Monkey Trading LLC is the parent company of Lucky Shot USA.

BenShot alleges that Defendants falsely advertise their product line as "Made in the USA," when, at a minimum, portions of their products are made in China. BenShot claims this practice violates the Federal Trade Commission's (FTC) standards for designating a product to be "Made in the USA." In its initial complaint, BenShot alleged two causes of action: a Section 43(a) Lanham Act claim and a Wisconsin common law unfair competition claim. Defendants filed a motion to dismiss the complaint, which the court denied in February 2019. Dkt. No. 14. Subsequently, the court entered a scheduling order and the parties engaged in discovery. Dkt. No. 19. The court provided in the scheduling order that Fed. R. Civ. P. 15 will apply to any amendment to the pleadings made after April 30, 2019. *Id.* at 1.

In the course of discovery, BenShot claims it found new information about Ingalls's personal involvement in the alleged claims and now seeks leave to file an amended complaint. BenShot also moves to add Ingalls as a Defendant in the amendment complaint, which alleges that Ingalls personally violated Section 43(a) of the Lanham Act because he had direct knowledge that Defendants manufactured their products in China and was a "moving, active conscious force behind the defendant companies' false designation of origin." Dkt. No. 38-2 at 18.

Defendants oppose BenShot's motion to file an amended complaint. Dkt. No. 41. They argue that BenShot's motion is inexcusably delayed, claiming BenShot knew the identify of Ingalls since the action was filed in 2018 based on public records and also referenced him in its initial complaint. Defendants also believe any amendment would be futile because Ingalls never made a statement to consumers nor are there "allegations that Mr. Ingalls personally put 'Made In the USA' on any products." Dkt. No. 41 at 5.

BenShot argues that it determined the extent of Ingalls's conduct only after it completed depositions and Defendants responded to its discovery requests, which produced relevant emails.

BenShot initially requested these emails in April 2019 after the court entered its scheduling order, but Defendants did not comply with the request until November 2019, after BenShot had filed a motion to compel in October 2019 (the court denied this motion to compel, finding that it was unclear whether the parties had fully satisfied their obligation to meet and confer prior to filing the motion, Dkt. No. 36). Other emails requested in BenShot's initial discovery request remain outstanding. *See* Dkt. No. 40-1 at 2. In the newly produced emails, Ingalls appears to request a video showing the manufacture of the company's glasses. Dkt. No. 40-2 at 3. In one exchange, Ingalls purportedly writes: "VERY important – do not show faces of workers or any words or writing in Chinese. We want our customers to think this product could be made in USA. This would be VERY helpful to us and for the future promotion." *Id.*

## ANALYSIS

**A. Motion for Leave to Amend Complaint**

When evaluating a motion for leave to amend a complaint under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

While BenShot moved to amend its complaint after the date stated in the scheduling order, the court will apply Rule 15, and not the heightened good cause standard of Rule 16(b)(4). The court's scheduling order explicitly informed the parties that Rule 15 will apply to any amendment filed after April 30, 2019. *See* Dkt. No. 19 at 1. Although BenShot argues that it has satisfied the

3

heightened good cause standard provided under Rule 16 in any event, BenShot's motion will be evaluated under Rule 15(a) given the court's direction in the scheduling order.

Under this standard, I do not find that BenShot's motion for leave to amend is unduly delayed or made in bad faith. BenShot digested the partial discovery produced in November 2019 (containing over 19,000 documents), found new information pertinent to Defendants' conduct to plausibly support a separate claim, and prepared an amended complaint in less than two months. Dkt. No. 40-1 at 2. BenShot's motion was not delayed solely by its own actions. And while BenShot's initial complaint did describe two conversations that Ingalls had with a BenShot employee that alleged Ingalls admitted portions of Defendants' products were made in China, BenShot may have had reason not to name Ingalls as a defendant if it did not have additional information about his conduct at the time. Dkt. No. 1 at 12. Any fraud-related claim brought under the Lanham Act would be subjected to Rule 9(b)'s heightened pleading requirement that is designed to discourage filings that expose parties to accusations of fraud pled without particularity. *See Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). This is also BenShot's first motion to amend its complaint. It was not made in bad faith or unduly delayed given the circumstances discussed herein.

BenShot's amended pleadings would not cause Defendants undue prejudice. As owner and President of the Defendants, Ingalls was involved in this litigation the moment it commenced. His being named as a defendant does not represent an entirely unforeseen burden or join an unrelated party to the action. The additional cause of action does not introduce a new statute or common law claim. It relates to conduct already contemplated by the initial complaint. For these reasons, it is not unduly prejudicial to Defendants.

4

Nor do I find that BenShot's motion is futile. Corporate officers can be found personally liable under the Lanham Act for violations that take place with their knowledge or direction. *See Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 478 (7th Cir. 2007); *see also Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926). Stating a claim under Section 43(a) of the Lanham Act would not require alleging that Ingalls "personally" put "Made in the USA" on his company's products or made statements directly to customers, as Defendants contend. BenShot states a plausible claim that Ingalls violated the Lanham Act by having prior knowledge that components of Defendants' products were not made in the USA and directly overseeing efforts to conceal such a fact. Accordingly, I see no reason to deny BenShot's motion for leave to amend.

**B. Motion to File Under Seal**

Pursuant to the protective order entered in this action (Dkt. No. 22), BenShot has filed a motion to seal portions of its amended complaint and a related affidavit that incorporate materials designated by Defendants as confidential. Dkt. No. 37. BenShot objects to this designation, however, arguing that the information does not need to be filed under seal. BenShot indicates that it made multiple attempts to consult with Defendants prior to filing this motion, but did not receive a response as of filing.

The party who has designated the material as confidential has the burden of proof on the question of whether it should be maintained under seal now that it has been filed with the court. Civil Local Rule 79(d)(3) provides that "[a]ny motion to seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." *See also* Civil L. R. 79 Committee Comment ("The standard for showing good cause is quite high . . . ."). The mere fact that a party has designated a document "confidential," however, is not sufficient to establish the good cause necessary to maintain such filings under seal. *See Union*

5

*Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on— be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing.").

Defendants have not filed a response to BenShot's motion to file the designated information under seal to date. As Defendants have the burden of proof to show that the designated material is confidential, I find that they have failed to meet this burden to show that good cause exists to file the information under seal. Therefore, the motion will be denied and the restricted designations will be removed from these materials.

## CONCLUSION

For the reasons stated herein, BenShot's Motion for Leave to File an Amended Complaint (Dkt. No. 38) is **GRANTED**. The Clerk shall detach and efile the amended complaint (Dkt. No. 38-2) from the motion. Defendants shall file their response within twenty-one (21) days of the date of this order. BenShot's motion (Dkt. No. 37) to file under seal certain documents designated by Defendants as confidential will be **DENIED**. The Clerk is directed to remove the restricted designations related to the motion to seal.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court