UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENSHOT, LLC,

      Plaintiff,

      v.                                  Case No. 18-C-1716

LUCKY SHOT USA, LLC,
2 MONKEY TRADING, LLC, and
DOUGLAS INGALLS,

      Defendants.

## ORDER GRANTING RULE 7(h) MOTION TO REMOVE CONFIDENTIALITY DESIGNATION

In May of 2019, the parties stipulated to entry of a Protective Order (Dkt. No. 22) in the above matter in order to avoid public disclosure of confidential information. The order notes that documents filed with the court must comply with Civil Local Rule 79(d), which requires a finding of good cause for restricting access to the court's file. This matter comes before the court on Plaintiff's motion to remove the "Confidential – Attorneys' Eyes Only" (AEO) designation from many of the documents produced by Defendants, along with a motion to seal the accompanying declaration.

Defendants have produced approximately 1,600,000 pages of documents in response to discovery requests, with over 99% of the documents designated as AEO. Osmanski Decl., Dkt. No. 66 ¶¶ 9–10; Dkt. No. 65 at 2. The AEO designation is intended to apply to information, documents, or other material that the producing party "in good faith believes . . . contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation." Dkt. No. 22 at 2. Plaintiff has repeatedly requested that

Defendants reduce the number of documents designated as AEO, without success. Dkt. No. 66 ¶¶ 2–7, 12–13. Defendants have responded that the AEO designations are in part due to the uniform treatment of document families in accordance with the parties' Joint Rule 26(f) Report and Discovery Plan, as well as the unduly burdensome alternative of redacting actual confidential information on a case by case basis. Keener Decl., Dkt. No. 69 ¶¶ 3–5, 7. Defendants argued the sample discovery documents provided by Plaintiffs warranted AEO status due to being confidential (1) internal communications, (2) communications between Defendants and consumers, (3) communications between Defendants and vendors, and (4) listserv emails that "reflect Defendants' methods of gathering business intelligence." Dkt. No. 69 ¶ 9. Defendants argue that all of these types of documents are protected because they give them "a competitive business advantage over competitors." *Id*.

Fed. R. Civ. P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Here, it appears that Defendants have abused the protective order and unreasonably placed the AEO designation on an array of non-sensitive information under the mantle of maintaining a competitive business advantage. These include screenshots of Amazon product listings, publicly available advertisements, widely disseminated trade newsletters, mundane discussions about meetings, and other documents. I am sensitive to the argument that some of these protections may be a result of certain items being part of a document family that warrants more protection, but it is also probable that even with related parent documents, Defendants are clearly ascribing more protection than is warranted.

Therefore, Plaintiff's motion (Dkt. No. 65) is **GRANTED**. Defendants are directed to revise their AEO designations within the next thirty (30) days. Failure to do so or to continue misuse of the designations will result in an order removing all such designations and Plaintiff will

2

Case 1:18-cv-01716-WCG   Filed 10/05/20   Page 2 of 3   Document 70

be permitted treat all documents produced by Defendants as if no such designation has been made. Plaintiff's motion to restrict Exhibit 2 to the Declaration of John M. Osmanski (Dkt. No. 64) is **DENIED** as good cause does not exist to deny public disclosure of the documents that comprise it. Plaintiff is awarded costs of its motion, as well.

**SO ORDERED** at Green Bay, Wisconsin this 5th day of October, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge