UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENSHOT, LLC,

    Plaintiff,

    v.      Case No. 18-C-1716

2 MONKEY TRADING, LLC, et al.,

    Defendants.

## ORDER

On October 5, 2020, after being advised that Defendants had designated 99% of the 1.6 million pages of documents they had produced in discovery with the designation "Attorneys' Eyes Only" (AEO), the court granted Plaintiff's motion for a protective order and directed Defendants to revise their AEO designations on documents responsive to Plaintiff's discovery requests within the next 30 days. Dkt. No. 70. Defendants were advised that a failure to do so or to continue misuse of the designations would result in an order removing all such designations and Plaintiff would be permitted to treat all documents produced by Defendants as if no such designation was made. *Id.* On November 5, 2020, Defendants filed an expedited motion under Civil Local Rule 7(h) to extend their time to complete the revisions by 30 days. Dkt. No. 73. In their motion seeking additional time, Defendants lay out a plan of how they intend to comply with the court's order, but offer no reason why they could not have specifically identified those documents that truly warranted an AEO designation. Plaintiff opposes the motion as untimely, unsupported, and in violation of the rule governing page limits for Civil Local Rule 7(h) motions. Dkt. No. 75.

District courts are reminded to construe the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action," and to manage the discovery process accordingly. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citing Fed. R. Civ. P. 1). Although discovery is usually conducted in good faith, abuse of discovery procedures can deny justice to litigants. *Letter of Transmittal*, 446 U.S. 996, 1000–01 (1980) (Powell, J., dissenting). When a court finds that a party has been improperly designating essentially all of its documents as "confidential, attorneys' eyes only," the court is acting within its discretion to strike that designation from those documents. *See, e.g.*, *Young Again Prods. v. Acord*, 459 F. App'x 294, 298 (4th Cir. 2011). In *Young Again*, the district court found that the defendant had identified all of its responsive documents as AEO, including blank documents, advertisements, and other documents with no confidential information at all. *Id*. Due to the attorney's failure to review and oversee proper designation of the documents, the court struck the designation from all of the documents. *Id*. Here, the court allowed Defendants thirty days to correct the abuse, and it appears they did nothing until the day the deadline passed.

Defendants were given ample time to advise Plaintiff which of the documents it produced truly warranted the AEO designation. They have failed to provide any reason why they have not done so. They have suggested how they would comply going forward, but even that suggestion was submitted after the relevant deadline. Consequently, they have not shown a good faith effort to comply with the court's prior order. Instead of working diligently to comply, Defendants have requested an extension. The court will not reward abuse of the discovery process.

Because Defendants have not made a good faith effort to comply with the October 5, 2020 order, have not shown good cause why they have not done so, and failed to request an extension within a timely manner, Defendants' Local Rule 7(h) motion for an extension of time to comply

2

(Dkt. No. 73) is **DENIED**. The AEO designation on Defendants' responsive documents in this action is now ineffective. Documents previously designated as AEO will now be treated by Plaintiff as confidential only.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge