UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENSHOT, LLC,

          Plaintiff,

v.                                    Case No. 18-C-1716

2 MONKEY TRADING LLC,
LUCKYSHOT USA LLC, and
DOUGLAS INGALLS,

          Defendants.

---

## DECISION AND ORDER

---

      Plaintiff BenShot, LLC, brought this complaint against Defendants 2 Monkey Trading LLC, Lucky Shot USA LLC, and Douglas Ingalls alleging that Defendants deceptively marketed and sold a line of Lucky Shot-branded products as "Made in the USA" in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law prohibitions against unfair competition. This matter is currently before the Court on the parties' motions to restrict documents (Dkt. Nos. 83 & 89). Both parties have certified that they have conferred and have no objections to the motions. For the following reasons, the motions to restrict will be granted-in-part and denied-in-part.

      As an initial matter, it appears that the parties seek to restrict the documents rather than to seal them. In this district, a "sealed document" is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the Court. A document restricted to case participants allows all attorneys of record to view the document but not the general public. *See E-Filing Restricted and Sealed Documents*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN (last visited Sept. 30, 2021), *available at*

https://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents. A review of the parties' motions reveals that the parties are seeking protection from public disclosure, rather than requesting that the documents only be viewed by the judge. Therefore, the Court will construe the parties' motions as motions to restrict.

Documents should only be restricted for good cause. Gen. L.R. 79(d)(3). General Local Rule 79(d)(2) requires movants, to the extent possible, to "include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Any "motion to seal in accordance with General Local Rule 79(d) should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Gen. L.R. 79, Committee Comment.

Defendants seek to restrict the following: the declaration of Michael J. Modl (Dkt. No. 84); the deposition transcript of Douglas Ingalls (Dkt. No. 84-1); the deposition transcript of Chad Maskill (Dkt. No. 84-2); the deposition transcript of Brooke Ingalls (Dkt. No. 84-3); the deposition transcript of Ben Wolfgram (Dkt. No. 84-4); the expert report of Kimberly J. Schenk dated January 31, 2020 (Dkt. No. 84-5); the rebuttal expert report of Kimberly J. Schenk dated October 20, 2020 (Dkt. No. 84-6); the deposition transcript of Kimberly J. Schenk (Dkt. No. 84-7); the expert report of Lynn Rosenblum dated September 8, 2020 (Dkt. No. 84-8); the deposition transcript of Lynn Rosenblum (Dkt. No. 84-9); and the revised expert report of Scott J. Luedke dated November 6, 2020 (Dkt. No. 84-10). To the extent Defendants wish to restrict deposition testimony, the motion will be granted. However, with respect to the declaration of Michael J. Modl and the expert reports, the motion is denied. Attorney Modl's declaration itself, Dkt. No. 84, does not contain any confidential or sensitive information that requires it to be restricted, and Defendants provide

no explanation as to why it requires restriction. To the extent that the expert reports contain sensitive information, Defendants should have heeded the instruction of General Local Rule 79(d)(2) and taken the time to "include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Accordingly, Defendants have 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d).

BenShot seeks to restrict the following: exhibits 2, 3, 4, 6, 7, 9, 11, and 12 of Docket No. 97; its brief in response to Defendants' motion for summary judgment (Dkt. No. 90); its response to Defendants' proposed findings of fact (Dkt. No. 91); and its additional proposed findings of fact (Dkt. No. 92). With respect to BenShot's brief in response to Defendants' motion for summary judgment, response to Defendants' proposed findings of fact, and its additional proposed findings of fact, the Court will grant BenShot's motion. BenShot has filed redacted versions of these documents with the Court, and therefore, will restrict the unredacted versions. However, the Court will deny BenShot's motion with respect to the identified exhibits attached to Docket No. 97. These documents consist primarily of emails, sales catalogues, vendor forms, invoices, and purchase orders, and BenShot provides no reason or explanation as to why these documents cannot be redacted or should be restricted. Accordingly, the Court will give Plaintiff 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d).

**IT IS THEREFORE ORDERED** that Defendants' motion to restrict (Dkt. No. 83) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to the deposition transcript of Douglas Ingalls (Dkt. No. 84-1); the deposition transcript of Chad Maskill (Dkt. No. 84-2); the deposition transcript of Brooke Ingalls (Dkt. No. 84-3); the deposition

3

transcript of Ben Wolfgram (Dkt. No. 84-4); the deposition transcript of Kimberly J. Schenk (Dkt. No. 84-7); and the deposition transcript of Lynn Rosenblum (Dkt. No. 84-9). The motion is denied with respect to the declaration of Michael J. Modl (Dkt. No. 84); the expert report of Kimberly J. Schenk dated January 31, 2020 (Dkt. No. 84-5); the rebuttal expert report of Kimberly J. Schenk dated October 20, 2020 (Dkt. No. 84-6); the expert report of Lynn Rosenblum dated September 8, 2020 (Dkt. No. 84-8); and the revised expert report of Scott J. Luedke dated November 6, 2020 (Dkt. No. 84-10). Defendants have 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d). If Defendants do not timely respond, the documents will be unrestricted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to restrict (Dkt. No. 89) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to its brief in response to Defendants' motion for summary judgment (Dkt. No. 90); its response to Defendants' proposed findings of fact (Dkt. No. 91); and its additional proposed findings of fact (Dkt. No. 92). The motion is denied with respect to exhibits 2, 3, 4, 6, 7, 9, 11, and 12 of Docket No. 97 for the reasons stated above. Plaintiff has 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d). If Plaintiff does not timely respond, the documents will be unrestricted.

Dated at Green Bay, Wisconsin this 30th day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge