UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENSHOT, LLC,

        Plaintiff,

v.                                        Case No. 18-C-1716

2 MONKEY TRADING LLC,
LUCKY SHOT USA LLC, and
DOUGLAS INGALLS,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT REMOTE VIDEO-RECORDED TRIAL DEPOSITIONS

Plaintiff BenShot, LLC, brought this action against Defendants 2 Monkey Trading LLC, Lucky Shot USA LLC, and Douglas Ingalls, alleging that Defendants deceptively marketed and sold a line of Lucky Shot-branded products as "Made in the USA" in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Wisconsin common law prohibitions against unfair competition. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). Before the Court is BenShot's motion for leave to conduct remote video-recorded trial depositions of Brenda Williams and Samuel Fuller. Dkt. No. 147. For the following reasons, the motion will be denied.

BenShot seeks to take remote video-recorded depositions of Brenda Williams and Samuel Fuller for use at trial. Both Williams and Fuller are not parties to this case or officers of parties to this case, and do not have a stake in its outcome. Dkt. Nos. 148 & 149. Williams is a resident of Lee County, Georgia, and both her home and place of work are over 1,100 miles from the courthouse. Dkt. Nos. 150-1 & 150-2. Fuller is a resident of Iowa County, Wisconsin, and both his home and place of work are over 175 miles from the courthouse. Dkt. Nos. 150-3 & 150-4.

BenShot intends to call Williams and Fuller to testify at trial about the matters addressed in their affidavits and declarations filed on December 17, 2020.  *See* Dkt. Nos. 95 & 96.  Both were properly designated in BenShot's initial Rule 26(a)(3) disclosures and final Rule 26(a)(3) pretrial disclosures.  BenShot anticipates that the testimony of each witness will not exceed 30 minutes.

BenShot argues that, pursuant to Civil Local Rule 26(c), there is good cause for this Court to reopen discovery and allow the depositions of Williams and Fuller.  It points to the fact that Williams and Fuller are non-party lay witnesses, will provide testimony that is narrow in scope and short in length, and cannot reasonably afford the time or cost that they would incur as a result of having to take leave from work and travel to the courthouse.  Dkt. No. 147 at 3.  Furthermore, BenShot notes that, by allowing these depositions, the parties would be afforded a degree of flexibility at trial and would have a greater opportunity to prepare objections, motions, or rebuttal related to their testimony prior to trial, as opposed to making those decisions during the trial.  *Id.* Defendants, on the other hand, assert that no good cause exists to reopen discovery.  They point to the fact that BenShot has known of these witnesses for years and could have deposed them long ago.  They also note that discovery has been closed for close to two years and that the trial is set to proceed in just eight weeks.  In short, Defendants argue that BenShot has "made its bed and must now sleep in it."  Dkt. No. 153 at 4.

Civil Local Rule 26(c) requires that the parties complete all discovery, including depositions to preserve testimony for trial, by the Court ordered deadline.  In this case, that deadline was November 17, 2020.  However, the Court is authorized to reopen discovery if there is "good cause" to do so.  Civil L.R. 26(c).  BenShot has not demonstrated good cause.  Its argument that Williams' and Fuller's testimony will be limited in scope and short in length does not amount to the good cause required to reopen discovery and permit something other than live

testimony in open court. Indeed, witnesses with little to say or whose testimony will be narrow in scope routinely provide in-person testimony. BenShot's best argument is that it would be burdensome, both in time and money, for Williams and Fuller to travel to the courthouse to attend the trial. But even that argument does not reach the threshold showing of good cause that is required. *Cf.* Fed. R. Civ. P. 43 Advisory Committee's Note ("Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial.").

Furthermore, this is not a case where unforeseen circumstances have come into play. BenShot has known of these witnesses for a considerable period of time and deliberately chose not to conduct their depositions until nearly two years after the close of discovery and just eight weeks prior to the commencement of the trial. This situation is of BenShot's own making, not an unforeseen circumstance that necessitates the reopening of discovery. *See Geneva Mfg., LLC v. Grand & Benedicts, Inc.*, No. 13-CV-1274, 2015 WL 6685386, at *2 (E.D. Wis. Oct. 29, 2015) ("Geneva Manufacturing admits that it knew from the earliest stages of this case that Santoro may have discoverable information and that it may use her to support its claims . . . Its decision to forego deposing her is one that cannot be undone now on the eve of trial."); *Nat'l Graphics, Inc. v. Brax Ltd.*, No. 12-C-1119, 2016 WL 8214294, at *1 (E.D. Wis. Mar. 18, 2016) ("Despite the fact that the Defendants now view Mr. Blondal as an important witness, they never deposed him during the lengthy pendency of this case, and thus it is too late to attempt such an effort now."). Nor is this case one where the decisions of the Court have meaningfully "changed the parties' expectations for issues to be addressed at trial," such that additional depositions are warranted. *Cousins Submarines, Inc. v. Fed. Ins. Co.*, 12-CV-387-JPS, 2013 WL 12485223, at *1 (E.D. Wis. Feb. 26, 2013). In sum, BenShot has failed to demonstrate good cause to reopen discovery and its motion will be denied.

3

## CONCLUSION

For the foregoing reasons, BenShot's motion for leave to conduct remote video-recorded depositions of Brenda Williams and Samuel Fuller (Dkt. No. 147) is **DENIED**. BenShot has failed to demonstrate good cause for the Court to reopen discovery.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of August, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge